## GARRISON v. CITY OF LAURENS.

1. CITIES AND TOWNS—TAXATION.—Previous to Constitution of 1895, cities and towns had no power to exempt property from taxation.
2. PLEADINGS—DEMURRER—MANDAMUS—PRACTICE.—When a demurrer to a return to a petition for mandamus in the original jurisdiction of this Court is overruled, the relator may apply for a trial of the issues of fact raised by such return before a special referee or a jury.

29—54

Petition in the original jurisdiction of this Court by J. H. Garrison v. the City of Laurens, the City Council, and Laurens Cotton Mills, as follows:

To the honorable the Supreme Court of the State of South Carolina: Your relator respectfully shows unto the Court:

I. That he is now, and was at the times hereinafter named, a citizen of the county and State above written, and of the city of Laurens, residing therein, and your relator owns and pays taxes upon considerable real and personal property to the county and State aforesaid, and to the city of Laurens, on his property situate therein.

II. That the city of Laurens is now, and was at the times hereinafter named, a body politic and corporate, so created under the laws of this State, and is known as and called "The City of Laurens;" that said the city of Laurens is governed by a mayor and six aldermen, who are now the respondents, W. R. Richey, mayor, F. P. McGowan, B. A. Sullivan, J. S. Bennett, C. H. Roper, L. S. Fuller, and C. B. Bobo, aldermen, and said mayor and aldermen are known as and called the "City Council of Laurens."

III. That the respondent, L. G. Balle, is the clerk of the city council of Laurens.

IV. That Laurens Cotton Mills is now, and was at the times hereinafter named, a corporation created by and under the laws of the State of South Carolina, with its principal place of business in the city of Laurens, county and State above written, and is possessed of and owns a great amount of property, both real and personal, situate in the city of Laurens.

V. That for the year 1896, Laurens Cotton Mills returned for taxation for county and State purposes property valued in said return at the sum of $6,015, which said property was situate in the city of Laurens, and subject to taxation therein for city purposes.

VI. That for the year 1897, Laurens Cotton Mills returned for taxation for county and State purposes property valued in said return at the sum of $150,210, which

said property was situate in the city of Laurens, and subject to taxation therein for city purposes.

VII. That for the year 1898, Laurens Cotton Mills returned for taxation for county and State purposes property valued in said return at the sum of $235,000, which said property is situate in the city of Laurens, and is subject to taxation therein for city purposes, and for the purpose of paying the interest on and creating a sinking fund with which to redeem the bonds issued by the city of Laurens for water works and electric lights.

VIII. That the city of Laurens, governed by the city council of Laurens, levied upon the property of her citizens and collected from them, except the respondent, Laurens Cotton Mills, for the year 1896, 5 mills on the dollar; for the year 1897, 5 mills on the dollar; and for the year 1898, 9 mills on the dollar, on the assessed value of their property.

IX. That on the 18th day of February, 1893, the city council of Laurens, without authority in law, and overstepping its power as such, passed a resolution of which the following is a copy: "The council convened in council chamber February 18, 1893; present: N. B. Dial, mayor, Messrs. Garrett, Hudgens, and King, aldermen. It was resolved, that all city taxes be remitted for the period of twelve years to any cotton, wool or thread factory which might be erected within the corporate limits of this city. An ordinance relative thereto is to be drawn up by the mayor. L. G. Balle, clerk."

X. That such ordinance has never been drawn up; yet since that time, to wit: in the year 1896, Laurens Cotton Mills were being built in the city of Laurens, and owned property therein, as hereinbefore alleged, and under and by virtue of said resolution no taxes for city purposes were collected or attempted to be collected from Laurens Cotton Mills for the year 1896 or for the year 1897, although the city of Laurens, by and through its city council and its clerk, collected from your relator and other citizens of the city of

Laurens taxes upon their property, at the rate hereinabove alleged.

XI. That on the          day of          , 1898, the city council of Laurens, without authority in law and overstepping its power as such, passed an ordinance of which the following is a copy: "State of South Carolina, County of Laurens, The City of Laurens. A resolution to cancel the levy and assessments made by the clerk of the city of Laurens for the year 1898 against Laurens Cotton Mills: Be it resolved by the city council of Laurens, 1. That whereas, on February 18th, 1893, the city council of Laurens passed a resolution, 'that all city taxes be remitted for the period of twelve years to any cotton, wool or thread factory which might be erected within the corporate limits of the city of Laurens,' the clerk of the city council of Laurens be and he is hereby authorized and directed to cancel the levy and assessments intended for municipal taxation upon the tax book of said city for the year 1898 against the property of Laurens Cotton Mills, established within the corporate limits of the city of Laurens since the adoption of said resolution, exclusively for manufacturing purposes, to wit: $150,210, and that the said clerk do not collect taxes on said assessment for said year. W. R. Richey, mayor. L. G. Balle, clerk."

XII. That by reason of the said resolution and the ordinance afterwards passed by the city council of Laurens, the clerk of said council has never collected or attempted to collect the taxes justly due and owing by Laurens Cotton Mills to the city of Laurens, and has cancelled the assessments for the years 1896, 1897, and 1898, and by reason thereof your relator has had to pay a great deal more taxes upon the property owned by him in the city of Laurens, and all other citizens of Laurens have in a like manner been more heavily taxed by reason thereof.

XIII. That no election has ever been held, as is required by law, for the purpose of determining whether the citizens of the city of Laurens are in favor of the exemption of Lau-

rens Cotton Mills from taxation, and the city council of Laurens has wrongfully gone beyond the powers conferred upon it by the Constitution and laws of this State, in passing the resolution and ordinance herein set forth, and has thereby made an unjust discrimination in favor of Laurens Cotton Mills, to the great hurt and wrong of the other citizens of the city of Laurens.

XIV. That your relator is informed and believes that there is now due by Laurens Cotton Mills to the city of Laurens for taxes for the year 1896, the sum of $30.75; for the year 1897, the sum of $750.05; for the year 1898, the sum of $2,115; the whole amount now due being $2,896.25, none of which has ever been paid.

XV. That your relator has no adequate remedy at law whereby he can be relieved from this unjust discrimination and burden placed upon him and other citizens of the city of Laurens, for the benefit of all of whom he brings this action.

XVI. That a reasonable attorney's fee should be allowed the attorney for relator in this action for the bringing of the same.

Wherefore relator prays: 1st. That a writ of mandamus do issue from this honorable Court, requiring and commanding the city clerk of the city of Laurens to restore to the tax books the assessments against Laurens Cotton Mills, and collect same. 2d. That the resolution and ordinance be declared unconstitutional and void, and the city council of Laurens be required to repeal and revoke the same. 3d. That a reasonable attorney's fee be allowed the attorney for relator herein for the bringing of this action. 4th. For such other and further relief as to the Court may seem just and equitable. (Sworn to.)

So much of the return of the "Laurens Cotton Mills" as is important here is as follows:

The "Laurens Cotton Mills," responding to the rule to show cause issued by this honorable Court, and for cause why the writ prayed for should not issue, respectfully

shows: I. It has no knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 1, 8, 10, 11, 12, and 13 of the petition, and it, therefore, denies the same. II. It denies the allegations contained in paragraphs 5, 6, 7, 14, 15, and 16 of the said petition. III. It admits the allegations contained in paragraphs 2, 3, and 4 of the said petition. IV. The respondent admits so much of paragraph 9 as alleges the passage of the resolution by the city council. The balance of the said paragraph it denies.

*Mr. J. B. Park,* for petitioner (oral argument.)

*M. W. R. Rickey,* for city of Laurens, contra (oral argument).

*Messrs. N. B. Dial* and *Furguson & Featherstone,* for Laurens Cotton Mills, cite: *Petitioner cannot bring this proceeding in his own name, because he does not seek to redress a private wrong:* 48 S. C., 95; 25 Neb., 262. *Against the wrong party:* 20 Stat., 931. *Mandamus will not issue without demand and refusal:* 7 Rich. L., 322; 16 S. C., 524; 117 Ill., 462. *Mandamus cannot issue against present city council, because of failure of predecessors to do their duty:* 52 S. C., 60; 17 S. C., 563; 17 S. E. R., 1; 105 U. S., 278; 13 Gratt., 577; 13 Ark., 752; 21 Id., 40; 48 Ind., 572; 56 Fla., 569; 6 S. C., 1; 54 Ga., 330; 60 Ga., 595. *If action of council is ultra vires, it is validated by doctrine of communis error facit jus:* 50 S. C., 365. *Issuance of writ is discretional:* 68 Miss., 523; 96 U. S., 267; 8 Peters, 300; 8 Pick., 47; 99 Ill., 587; Breese, 104; 25 S. C., 105; 33 S. C., 279. *Not issue to relieve party of his mistake:* 109 Ill., 192. *Nor when party is guilty of laches:* 17 S. C., 566; 2 S. C., 499; 25 S. C., 105; 43 S. C., 441; 49 Mich., 628; 2 Wend., 264; 139 N. Y., 14; 69 Mich., 596; 40 Ill., 126; 43 Ohio St., 16.

March 20, 1899.    The opinion of the Court was delivered by

MR. JUSTICE POPE.    This is an application for the writ

of mandamus, addressed to this Court in the exercise of its
original jurisdiction. The relator, as a taxpayer and citi-
zen of the city of Laurens, is desirous of having the
respondent, the Laurens Cotton Mills, pay its taxes for the
years 1896, 1897 and 1898, from which it was excused
under a resolution adopted by the city council of Laurens,
in the year 1893, wherein cotton mills, thread factories, &c.,
would be excused from all municipal taxes for thirteen
years, if they, or either one of them, would locate in the city
of Laurens. No ordinance was passed until 1898—the
Laurens Cotton Mills was incorporated in 1896. Upon the
presentation of the petition, which will be reported, for the
writ in question, the usual order was passed requiring the
respondents to make return thereto. The respondent, the
City Council of Laurens, made return, virtually admitting
all the allegations of fact set up in the petition, but insisting
that its corespondent was not liable to pay any taxes for the
years 1896, 1897, 1898. But the return (the 1, 2, 3, and 4
paragraphs of which will be reported) of the Laurens Cot-
ton Mills denied that the relator was a citizen, or owned
property in the city of Laurens; denied the allegations of
fact set out in the petition, alleging that it had been assessed
to pay taxes in the years 1896, 1897 and 1898, and so on.
On the 12th day of December, 1898, the relator demurred
to the returns of the respondents. By this step he admits
the allegations of fact as set out in the returns. So far as
the city of Laurens, or the city council of Laurens, or its
clerk and treasurer, are concerned, the demurrer to their
return is well taken.

There was no power in the city council of Laurens, in the
year 1893, to exempt, or to promise to exempt, factories
from taxation upon their location in the city of Laurens.
Such a step was a palpable violation of the Constitution,
adopted in 1868—for that instrument required all
property, real and personal, to be assessed for taxa-
tion. It is useless to multiply words in the discus-
sion of this point, for it has recently been considered in the

case of *Germania Savings Bank* v. *Town of Darlington,* 50 S. C., at pages 366, 367 and 368; and that case is practically conclusive of this.   If, then, the city council of Laurens had no authority to release the property of the Laurens Cotton Mills from taxation then, their resolution and ordinance directing their clerk and treasurer, the respondent, L. G. Balle, to cancel the assessment of the property of such Laurens Cotton Mills for taxation was illegal, 'null and void. No matter what may have been the method recognized in the law for laying taxes upon assessed values of property prior to the adoption of the last Constitution, it is now required that the assessment of the property within the limits of a municipality for taxation for State and county purposes shall be the assessment of such property for city or town taxes.   There never was any power in this State, after 1868, to release property from taxation until the Constitution of 1895 gave cities and towns such power for the limited period of five years, and upon the matter being submitted to the voters of such city or town for their approval.

Thus far we have dealt with the respondents, except the Laurens Cotton Mills.   The relator is not so fortunate just yet with this respondent.   Having demurred to the return of this respondent, he has, as before remarked, admitted all the facts set out in its return to be true. If this be so, the relator, J. H. Garrison, is neither a citizen or taxpayer in the town of Laurens.   If these things be true, what right has he to bring this proceeding against the respondent?   Again, the respondent denies all the allegations of fact touching the assessment of its property for taxation.   Well, in this aspect of the case, certainly *just now,* the relator has no right to proceed any further in the present status of the pleadings and proofs against the Laurens Cotton Mills.   But we see no reason why the parties, the relator and this particular respondent, may not be required either to have the issues of fact tried by a jury or a special referee.   We will overrule the demurrer of the relator as far as the Laurens Cotton Mills is concerned, and

we will let the writ against the city council of Laurens await the termination of the contest between the relator and the Laurens Cotton Mills.

It is ordered, therefore, that the return of all the respondents, except the Laurens Cotton Mills, be held insufficient; but that the demurrer of the relator to the return of the Laurens Cotton Mills be not sustained, with leave to the relator to apply for a trial of the issues of fact between himself and the Laurens Cotton Mills in one of the methods required by law. In the meantime, the issuance of the writ in mandamus against the city council of Laurens will be stayed.